Lam Pearl St. Hotel, LLC v Golden Pearl Constr. LLC (2021 NY Slip Op 06951)





Lam Pearl St. Hotel, LLC v Golden Pearl Constr. LLC


2021 NY Slip Op 06951


Decided on December 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 14, 2021

Before: Gische, J.P., Webber, Oing, Singh, Higgitt, JJ. 


Index No. 687487/17 Appeal No. 14851-14852-14852A Case No. 2020-03909 2021-00459 2021-00460 

[*1]Lam Pearl Street Hotel, LLC, Plaintiff-Respondent,
v
Golden Pearl Construction LLC, Defendant-Appellant, CNY Group LLC, et al., Defendants.


Rich, Intelisano & Katz, LLP, New York (Robert J. Howard of counsel), for appellant.
Zetlin & De Chiara LLP, New York (James H. Rowland of counsel), for respondent.



Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered February 8, 2021, awarding plaintiff $600,000 plus post-decision interest on its unjust enrichment claim, unanimously reversed, on the law, with costs, the judgment vacated, and the unjust enrichment claim dismissed. Order, same court and Justice, entered September 23, 2020, to the extent it denied defendant Golden Pearl Construction LLC (GPC) summary judgment on its counterclaim for attorneys' fees, unanimously reversed, on the law, with costs, and the motion granted. Appeal from order, same court and Justice, entered January 22, 2021, which found in favor of plaintiff after a nonjury trial, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In sustaining plaintiff's unjust enrichment claim and in entering judgment in plaintiff's favor, the court failed to enforce the terms of the settlement agreement and the termination agreement between the parties, which unambiguously gave defendant GPC the right to retain all progress payments that had been paid under the underlying construction contract, including the $1,138,103 payment for the project insurance. The "[f]reedom of contract prevails in an arm's length transaction between sophisticated parties . . . and in the absence of countervailing public policy concerns there is no reason to relieve them of the consequences of their bargain" (Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co. , 86 NY2d 685, 695 [1995]).
Furthermore, the parties' settlement agreement and termination agreement involved the same "subject matter" at issue on appeal — that is, plaintiff's payment and defendant's retention of the progress payments, including the insurance payment. The termination agreement recited that the total amount of progress payments that had been made was $4,382,281.62, and that the parties would settle their claims for plaintiff's payment of an additional sum of $689,636. It is well established that "[t]he existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter" (Clark-Fitzpatrick Inc. v Long Is. R.R. Co. , 70 NY2d 382, 388 [1987]). Thus, the unjust enrichment claim should have been dismissed, regardless of the scope of the releases in the termination agreement. Irrespective of the parties' settlement agreement and termination agreement, the unjust enrichment claim was barred by the voluntary payments doctrine (Dillon v U-A Columbia Cablevision of Westchester , 100 NY2d 525, 526 [2003]).
Defendant GPC is entitled to summary judgment on its counterclaim for attorneys' fees. The parties' settlement agreement provides that in the event one party brings a claim for "breach," the "prevailing party shall be entitled to recover its reasonable attorneys' fees and costs incurred in connection with such litigation." Plaintiff filed causes of action sounding in breach of the [*2]termination agreement, including breach of the implied covenant of good faith, which were dismissed in prior orders.
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2021